RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice

KEVIN W. McARDLE, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
601 D Street, NW, Third Floor
Washington, DC 20004
Tele: (202) 305-0219
Fax: (202) 305-0275
kevin.mcardle@usdoj.gov

Attorneys for Federal Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendants. | ) <br> ) <br> ) Case No. CV-08-939 MO <br> ) <br> ) **FEDERAL DEFENDANTS' ANSWER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

For their Answer to the Complaint, Federal Defendants, the National Marine Fisheries Service ("NMFS") and the United States Army Corps of Engineers ("Corps") (collectively, "Defendants"), admit, deny, and allege as follows:

1.      Due to vagueness and ambiguity, Defendants are unable to form a belief as to the truth of the allegations in the first and second sentences of paragraph 1 and on that basis deny the same.  Defendants deny the allegations in the third and fourth sentences of paragraph 1.

2.      In response to the allegations in paragraph 2, Defendants admit that the City of Lake Oswego has proposed to construct a dock near Willamette Rive, Mile 20.4, and that the following anadromous fish species are known to occur in this area:  Upper Willamette River

("UWR") chinook (*O. tshawytscha*), UWR steelhead (*O. mykiss*), and the Lower Columbia River ("LCR") coho (*O. kisutch*), LCR chinook, LCR steelhead. Defendants deny the allegations in paragraph 2 in regard to the Columbia River chum salmon. Due to vagueness and ambiguity, Defendants are unable to form a belief as to the truth of the remaining allegations paragraph 2 and on that basis deny the same.

3.      The allegations in the first sentence of paragraph 3 are legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 3.

4.      The allegations in paragraph 4 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

5.      The allegations in paragraph 5 are legal conclusions to which no response is required.

6.      The allegations in the first and fifth sentences of paragraph 6 are legal conclusions to which no response is required. In response to the allegations in the second sentence of paragraph 6, Defendants admit that NMFS's Northwest Regional Office is located in Seattle, Washington. In response to the allegations in the third sentence of paragraph 6, Defendants admit that the Corps Northwestern Division and Portland District have offices in Portland, Oregon. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 6 relating to Plaintiff and its members and therefore deny them. In further response, Defendants deny that Plaintiff or its members have been injured or harmed by the claims raised in the complaint.

7.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations paragraph 7 and therefore deny them.

8.      Defendants deny the allegations in the first sentence of paragraph 8. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 8 relating to Plaintiff's goals and therefore deny them.

Defendants deny the remaining allegations in the second sentence of paragraph 8. The remaining allegations in paragraph 8 are legal conclusions to which no response is required. Defendants further deny the remaining allegations in paragraph 8.

9.    The allegations in paragraph 9 are legal conclusions to which no response is required.

10.    In response to the allegations in the first and second sentences of paragraph 10, Defendants admit that NMFS is an agency of the U.S. Department of Commerce and that its responsibilities include administering provisions of the Endangered Species Act ("ESA") with respect to certain species of anadromous fish. To the extent a further response is required, Defendants deny the allegations. Defendants admit the allegations in the third sentence of paragraph 10.

11.    In response to the first sentence of paragraph 11, Defendants admit that the Army Corps is an agency of the U.S. Department of Defense and avers that it is responsible for the administration of Section 10 of the Rivers and Harbors Act of 1899. Defendants admit the allegations in the second sentence of paragraph 11 and aver that the Corps has suspended the Letter of Permission ("LOP").

12.    Defendants admit that the allegations in paragraph 12 are accurate in their general descriptions of the Columbia and Willamette River systems and the use of such systems by salmonids. Due to vagueness and ambiguity, Defendants are otherwise unable to form a belief as to the truth of the remaining allegations in paragraph 12 and on that basis deny the same. The allegations in footnote 1 are legal conclusions to which no response is required and purport to characterize the ESA and a Federal Register notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning and language of the ESA and the Federal Register notice are denied.

13.    Defendants admit the allegations in paragraph 13.

14.    In response to the allegations in the first sentence of paragraph 14, Defendants admit that the following anadromous fish species are known to occur in area near Willamette River, Mile 20.4: Upper Willamette River ("UWR") chinook (*O. tshawytscha*), UWR steelhead (*O. mykiss*), and the Lower Columbia River ("LCR") coho (*O. kisutch*), LCR chinook, and LCR steelhead.   Defendants deny the allegations in paragraph 14 in regard to the Columbia River chum.  Due to vagueness and ambiguity, Defendants are unable to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 14 and on that basis deny the same. The remaining allegations in paragraph 14, including footnotes, purport to characterize Federal Register notices and listing rules, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain meaning and language of the Federal Register notices are denied.

15.    In response to the allegations in the first and second sentences of paragraph 15, Defendants admit that the area near Willamette river mile 20.4 constitutes designated critical habitat for UWR chinook, LCR chinook, UWR steelhead, and LCR steelhead and that Tyron Creek is designated critical habitat for LCR steelhead.  Defendants otherwise deny the allegations in the first and second sentences of paragraph 15.  Defendants admit the allegations in the third sentence of paragraph 15.  In response to the allegations in the fourth sentence, Defendants admit that restoration efforts in portions of the Willamette River and Tyron Creek have improved habitat conditions for salmonids.  Defendants deny the remaining allegations in paragraph 15.

16.    In response to allegations set forth in the first sentence of paragraph 16, Defendants admit that restoration efforts in portions of Tyron Creek have improved habitat conditions for salmonids.  Defendants deny the remainder of the allegations in the first sentence as vague and ambiguous.  In response to allegations set forth in the second sentence, Defendants aver that the referenced surveys speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of such surveys are denied.

17.      The allegations in paragraph 17 and footnote 9 are legal conclusions to which no response is required and purport to characterize the SLOPES biological opinions ("BiOps"), the ESA, and the consultation regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain meaning and language of the SLOPES BiOps, the ESA, and the consultation regulations are denied. To the extent a further response is required, Defendants deny the allegations.

18.      The allegations in the first and second sentence of paragraph 18 are legal conclusions to which no response is required and purport to characterize the SLOPES BiOps, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain meaning and language of the BiOps are denied. Due to vagueness and ambiguity, Defendants are unable to form a belief as to the truth of the remaining allegations paragraph 10 regarding NMFS's determinations purportedly made regarding unidentified Corps "projects" and on that basis deny the same.

19-21.   Defendants admit the allegations in the first sentence of paragraph 19. The remaining allegations in paragraphs 19-21 are legal conclusions to which no response is required and purport to characterize the SLOPES III BiOp, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language and meaning of the BiOp are denied. To the extent a further response is required, Defendants deny the allegations.

22.      Defendants admit the allegations in the first and fifth sentence of paragraph 22 and aver that the LOP has been suspended, the Corps has initiated formal consultation with NMFS under the Endangered Species Act ("ESA"), and the Corps is evaluating the proposal under its regulatory authority found in Section 10 of the Rivers and Harbors Act. Defendants deny the allegations in the second sentence of paragraph 22 and aver that the LOP has been suspended. In response to the third sentence of paragraph 22, Defendants admit that the Corps initially sought formal consultation with NMFS, and requested a BiOp for the project. Defendant denies the remainder of the third sentence of paragraph 22. With regard to the

allegations set forth in the fourth sentence of paragraph 22, Defendants admit NMFS approved a variance for the dock project consistent with the SLOPES III BiOp, which speaks for itself and is the best evidence of its contents, and any allegations to the contrary are denied.  In response to the sixth sentence of paragraph 22, Defendants admit that the Corps received comments regarding the project by the Tyron Creek Watershed Council, Willamette Riverkeeper, and other members of the public.  Such comments speak for themselves and provide the best evidence of their contents.  Defendant denies any remaining allegations in the sixth sentence of paragraph 22.

23.    The allegations in the first sentence of paragraph 23 purport to characterize the LOP, which has been suspended by the Corps, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the LOP are denied.  The allegations in the second sentence of paragraph 23 are legal conclusions to which no response is required and purport to characterize the SLOPES III BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the BiOp are denied.  In response to the allegations in the third sentence of paragraph 23, Defendants admit that the dock will not have any sewage disposal facility and that boats may dock overnight.  Defendants are without information sufficient to form a belief as to the accuracy of the remaining allegations in the third sentence of paragraph 23 and on that basis deny the same.  In response to the fourth through sixth sentence of paragraph 23, Defendants aver that Corps has initiated formal consultation with NMFS under the ESA and that any adverse effects to listed salmonids and their designated critical habitat will be addressed in such consultation including any potential incidental take from the project, Defendants otherwise deny the remaining allegations in these sentences.

24.    The responses to all preceding paragraphs are incorporated here by reference.

25-26.  The allegations in paragraphs 25-26 are legal conclusions to which no response is required and purport to characterize the ESA and Federal Register notices, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain

language and meaning of the ESA and the Federal Register notices are denied. To an extent a further response is required, Defendants deny the allegations.

27.    Defendants admit the first sentence of paragraph 27.  In response to the allegations in the second sentence of paragraph 27, Defendants admit that the Corps sent a Biological Assessment ("BA") to NMFS on August 27, 2007.  The remaining allegations in the second sentence of paragraph 27, and the allegations in the third and fourth sentences of paragraph 27, purport to characterize the BA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the BA are denied.  The allegations in the fifth sentence of paragraph 27 are legal conclusions to which no response is required and purport to characterize the consultation regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and meaning of the consultation regulations are denied.  To an extent a further response is required, Defendants deny the allegations contained in paragraph 27.

28.  With regard to the allegations in the first sentence of paragraph 28, Defendants admit NMFS approved a variance for the dock project consistent with the SLOPES III BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language and meaning  of the SLOPES III BiOp are denied.  Defendants deny the allegations in the second and third sentences of paragraph 28 and aver that the Corps has initiated formal consultation with NMFS.  To an extent a further response is required, Defendants deny the allegations.

29.    With regard to the allegations in the first sentence of paragraph 28, Defendants admit NMFS approved a variance for the dock project consistent with the SLOPES III BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the SLOPES III BiOp are denied.  The remaining allegations of paragraph 29 are legal conclusions to which no response is required and purport to characterize the SLOPES III BiOp, which speaks for itself and provides the best evidence of its contents.

Any allegations contrary to the plain language and meaning of the BiOp are denied. To an extent a further response is required, Defendants deny the allegations.

30. The allegations in paragraph 30 are legal conclusions to which no response is required and purport to characterize federal register notices and the ESA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the federal register notices and the ESA are denied. To an extent a further response is required, Defendants deny the allegations.

31. Defendants admit the allegations in the first sentence of Paragraph 31. The remaining allegations in paragraph 31 are legal conclusions to which no response is required and purport to characterize the SLOPES III BiOp, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language and meaning of the BiOp are denied. To an extent a further response is required, Defendants deny the allegations.

32. Defendants deny the allegations in paragraph 32 and aver that the Corps and NMFS have initiated formal consultation regarding the dock.

33-34. The allegations in paragraph 33-34 are legal conclusions to which no response is required and purport to characterize the SLOPES III BIOp, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language and meaning of the BiOp are denied. To an extent a further response is required, Defendants deny the allegations.

35. The responses to all preceding paragraphs are incorporated here by reference.

36-37. The allegations in paragraphs 36 and 37 are legal conclusions to which no response is required and purport to characterize the ESA and the consultation regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA and the consultation regulations are denied. To an extent a further response is required, Defendants deny the allegations.

38-39.  The allegations in paragraphs 38-39 are legal conclusions to which no response and purport to characterize the SLOPES III BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the BiOp are denied.  To an extent a further response is required, Defendants deny the allegations.

40.  Deny the allegations contained in the first and second sentence of paragraph 40.  The allegations contained in the third, fourth, and sixth sentences of paragraph 40, including footnotes 12 and 13, purport to characterize the content of the documents cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.  The allegations contained in the fifth sentence of paragraph 40 are too vague and ambiguous to permit a response and, on that basis, are denied.

41.  Deny the allegations contained in the first sentence of paragraph 41.  The allegations contained in the second sentence of paragraph 41 purport to characterize the content of the document cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.  The allegation contained in the third sentence of paragraph 41 that "80-90% of historic riparian habitat for chinook has been eliminated" purports to characterize the content of the document cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied; deny the remainder of the allegations contained in paragraph 41.

42.  Defendants deny the allegations in paragraph 42 and further state that the allegations constitute legal conclusions to which no response is required.

43.  The responses to all preceding paragraphs are incorporated here by reference.

44.  The allegations in paragraph 44 are legal conclusions to which no response is required and purport to characterize the ESA, H.R. Rep. No. 97-567, and the SLOPES III BiOp, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and meaning of the ESA, the House Report, and the BiOp are denied.  To an extent a further response is required, Defendants deny the allegations.

45.     The allegations in paragraph 45 are legal conclusions to which no response is required.  To an extent a further response is required, Defendants deny the allegations.

46.     The allegations in paragraph 46 purport to characterize the SLOPES III BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the BiOp are denied. To an extent a further response is required, Defendants deny the allegations.

47.     The allegations in paragraph 47 are legal conclusions to which no response is required.  To an extent a further response is required, Defendants deny the allegations.

48.     The responses to all preceding paragraphs are incorporated here by reference.

49.     In response to the allegations in the first sentence of paragraph 49, Defendants admit that the Corps issued a LOP on November 20, 2007, and aver that the LOP has been suspended and deny that the Corps has not approved construction of the Lake Oswego Dock. The remaining allegations of paragraph 49 are legal conclusions to which no response is required.  To an extent a further response is required, Defendants deny the allegations.

50.     The allegations in the first sentence of paragraph 50 are legal conclusions to which no response is required and purport to characterize the regulation, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the regulation are denied.  Defendants deny the allegations in the second sentence of paragraph 50.

51.     In response to the allegation in the first sentence of paragraph 51, Defendants admit that the Corps provided notification of the LOP and received comments on the LOP, and Defendants aver that the Corps has provided public notice on the permit application on September 11, 2008.   To an extent a further response is required, Defendants deny the allegations.  Defendants deny the allegation in the second sentence of paragraph 51. The remaining allegations in paragraph 51 are legal conclusions to which no response is required. To an extent a further response is required, Defendants deny the allegations.

52-53.    The allegations in paragraphs 52-53 are legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations.

54.    The responses to all preceding paragraphs are incorporated here by reference.

55.    The allegations in paragraph 55 are legal conclusions to which no response is required and purport to characterize the regulation, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the regulation are denied.

56.    The allegations in paragraph 56 are legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations.

57.    In response to the allegations in the first sentence of paragraph 57, Defendants admit that the Corps requested formal consultation from NMFS for the dock project on July 9, 2007, that the Corps withdrew its request for consultation on October 31, 2007, and that NMFS approved a variance for the dock project consistent with the SLOPES III BiOp.  Defendants deny the remaining allegations in the first sentence.  The remaining allegations in paragraph 57 are legal conclusions to which no response is required, and Defendants further deny the remaining allegations.

58.    The allegations in paragraph 58 are legal conclusions to which no response is required, and Defendants further deny the remaining allegations.

59.    The responses to all preceding paragraphs are incorporated here by reference.

60.    The allegations in paragraph 60 are legal conclusions to which no response is required and purport to characterize NEPA and the Council on Environmental Quality's ("CEQ") regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and meaning of NEPA and the CEQ regulations are denied.

61.    The allegations in paragraph 61 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations.

62.     The allegations in paragraph 62 are legal conclusions to which no response is required and purport to characterize the SLOPES III BiOp and unidentified NEPA and agency documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the BiOp and the NEPA and agency documents are denied. To the extent a further response is required, Defendants deny the allegations.

63.     The allegations in paragraph 63 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations.

64.     The responses to all preceding paragraphs are incorporated here by reference.

65.     The allegations in paragraph 65 are legal conclusions to which no response is required and purport to characterize CEQ's regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the regulations are denied. To the extent a further response is required, Defendants deny the allegations.

66.     In response to the allegations in paragraph 66, Defendants admit that the Corps prepared an Environmental Assessment ("EA"), issued a Finding of No Significant Impact ("FONSI"), and did not prepare an Environmental Impact Statement ("EIS"), and Defendants further aver that the Corps has suspended the LOP and is reassessing its NEPA documentation. To the extent a further response is required, Defendants deny the allegations.

67.     In response to the allegations in paragraph 67, Defendants admit that the Corps did not submit its EA on the now suspended LOP for public comment, and Defendants deny that concerned citizens and organizations did not have an opportunity to comment on the Lake Oswego Dock project, and Defendants aver that Corps has issued a public notice for the project on September 11, 2008. To the extent a further response is required, Defendants deny the allegations.

68.    The allegations in paragraph 68 are legal conclusions to which no response is required and purport to characterize the CEQ's regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and meaning of the regulations are denied.

69.    The allegations in paragraph 69 are legal conclusions to which no response is required.   Defendants further deny the allegations in paragraph 69.

70.    Defendants deny the allegations in the first sentence of paragraph 70.  The allegations in the second and third sentence of paragraph 70 purport to characterize the SLOPES III BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the BiOp are denied.  The allegations in the fourth and fifth sentences of paragraph 70 are legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations.

71.    Defendants deny the allegations in the first, second, and fourth sentences in paragraph 71 and further respond that the allegations are legal conclusions to which no response is required.  The allegations in the third sentence of paragraph 71 purport to characterize the SLOPES III BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the BiOp are denied.  To the extent a further response is required, Defendants deny the allegations.

72.    The allegations in the first and second sentences of paragraph 72 purport to characterize the SLOPES III BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the BiOp are denied. The remaining allegations in paragraph 72 are legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations.

73.    Defendants deny the allegations in paragraph 73 and further respond that the allegations are legal conclusions to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required.  To the extent a further response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

The following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief.  In asserting these defenses, Defendants do not admit that they have the burden of proving the allegations or denials contained in the defenses but, to the contrary, assert that by reason of the denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff.

## FIRST DEFENSE

Plaintiff lacks standing to bring any claims against Defendants.

## SECOND DEFENSE

Plaintiff's claims should be dismissed for failure to allege a final agency action within the meaning of the Administrative Procedures Act, 5 U.S.C. § 702.

## THIRD DEFENSE

Plaintiff's claims should be dismissed on mootness grounds.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims raised in the First Amended Complaint and those claims should, therefore, be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiff's Complaint fails in whole or in part to state claims against the Defendants upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this 10th day of October, 2008.

RONALD J. TENPAS
Assistant Attorney General


_____/s/   Kevin W. McArdle_____
KEVIN W. McARDLE, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
601 D Street, NW, Third Floor
Washington, DC 20004
Tele: (202) 305-0219
Fax: (202) 305-0275
kevin.mcardle@usdoj.gov

SARA E. COSTELLO, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box. 663
Washington, D.C., 20044-0663
(202) 305-0466(ph)/(202) 305-0267(fx)

KENT E. HANSON, Senior Attorney
AUSTIN SAYLOR, Trial Attorney
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
(202) 514-2327(ph)/(202) 514-8865(fx)

## CERTIFICATE OF SERVICE

Pursuant to Local Rule Civil 100.13(c), and F.R. Civ. P. 5(d), I certify that on October 10, 2008, the foregoing Answer will be electronically filed with the Court's electronic court filing system, which will generate automatic service upon on all Parties enrolled to receive such notice.

_____/s/ Kevin W. McArdle_____